UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NASEAN BONIE,

               Plaintiff,

        -against-

MALONE, NY; ALL NEW YORK TOWNS,
VILLAGES, CITIES, COUNTIES;
SERGEANT: NEWTOWN; OFFICER:
GONZALEZ; N.Y.S. DOCCS, NYC DOC,

               Defendants.

25-CV-8712 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Attica Correctional Facility, brings this action *pro se*. By order dated December 23, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses the complaint for the reason set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

---

[1] Plaintiff did not pay the filing fees or submit an IFP application and prisoner authorization with the complaint. By order dated October 28, 2025, Chief Judge Laura Taylor Swain directed Plaintiff to cure this deficiency. (ECF 3.) The court received Plaintiff's IFP application and prisoner authorization on December 9, 2025.

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted).

## BACKGROUND

Plaintiff Nasean Bonie brings this action against the town of Malone, New York; "All

New York Towns, Villages, Cities, Counties"; Sergeant Newtown; Office Gonzales; the New

York State Department of Corrections and Community Supervision ("DOCCS"); and the New

York City Department of Correction ("DOC"). (ECF 1, at 1.) The complaint consists of three

handwritten pages that include text scrawled in the margins and various drawings, to which

Plaintiff attaches approximately 105 pages of documents. Plaintiff states that this is a "suit

against (Defendants) brought by (Plaintiff) *Bonnie* seek[ing] damages in a unlimited amount

financially (USD, euros, yen; all over currencies; trades) for not doing there jobs and being able

to be in a official place to harm myself." (ECF 1, at 1.)[2] The handwritten part of the complaint

begins, "Hello, I would like to file a lawsuit against the State of New York: others. My case

'homocide without a body': - 'assault on a New York City corrections officer' has led to severe

'harrassment' gotten on my last fucking nerve. My other cases 'theft of money-bank heist;: -

'menacing' all do to me being only a percentage of 'Haitian.'" (*Id.* at 2.) The remainder of the

complaint largely consists of expletives, insults, and threats.

Documents attached to the complaint include, among other things, records from

Plaintiff's time in the United States Army, additional drawings and largely incoherent writings

---

[2] Plaintiff writes using non-standard capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the complaint unless otherwise noted.

from Plaintiff, copies of documents Plaintiff filed in a previous action he brought in this court; real estate advertisements; and documents related to his incarceration in DOCCS facilities.

## DISCUSSION

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 464, 437 (2d Cir. 1998) ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-35. Plaintiff's allegations are incoherent. Moreover, he sues "all New York towns, villages, cities, [and] counties," among others, and demands an "unlimited" amount of money. (ECF 1, at 1.) The Court is unable to identify (1) any legal basis for Plaintiff's claims; or (2) any legal theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Generally, a court should not dismiss a *pro se* complaint without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). A court, however, has the inherent power to dismiss without leave to amend or replead "where the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted), or where

3

amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123 (2d Cir. 2011); *see also Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (holding that federal question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because Plaintiff's claims are frivolous and amendment would be futile, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    March 9, 2026
          New York, New York

_Louis L. Stanton_
          LOUIS L. STANTON
          U.S.D.J.

4